William L. O'Connell et al., Defendants in Error, v. Catherine S. Fay et al., Plaintiffs in Error.

Gen. No. 19,146.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded with directions. Opinion filed April 23, 1914. Rehearing denied May 7, 1914.

## Statement of the Case.

Bill of interpleader by John R. Thompson, county treasurer of Cook county, making Nicholas Streit, Frederick H. Streit, Adam Streit, Adam J. Kasper, Catherine S. Fay, Thomas Fay, John Esten Cooke, H. Brent Cooke, John Esten Cooke, Jr., Elizabeth B. Cooke, Pauline M. Cooke, H. Brent Cooke, Jr., Sallie W. Cooke, Lydia W. Cooke Wickliffe and City of Chicago parties to the proceeding to determine the ownership of a certain fund in the hands of the county treasurer. The fund in question arose out of a condemnation proceeding instituted by the South Park Commissioners to condemn two lots in a certain part of Chicago, in which the jury awarded a verdict fixing the value of the lots at $3,226.25, and the value of the improvements on the lots at $2,690. The Park Commissioners paid the total award into the hands of the county treasurer of Cook county, and upon a dispute arising as to the ownership of the fund the bill was filed. Subsequently, William L. O'Connell became successor of John R. Thompson to the office of county

treasurer. Nicholas Streit and Frederick H. Streit were defaulted for failure to file answers. The court found and decreed the equities as to the sum of $2,690 to be with Adam J. Kasper at the time of the condemnation suit as owner of the buildings and improvements, that Catherine S. Fay was entitled to receive out of the sum of $3,226.25 the value of certain life estates, and that the Cookes were each entitled to receive one-sixth of the remainder of the sum of $3,226.-25 after deducting the interest of said Catherine S. Fay. Catherine S. Fay and the Cookes appeal to reverse that part of the decree awarding $2,690 to defendant Kaspar.

CHARLES S. HARMON and ENOCH J. PRICE, for plaintiffs in error.

ADLER & LEDERER, for defendants in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. FIXTURES, § 19*—*when tenant cannot claim trade fixtures as against owner of the land.* Trade fixtures become annexed to the real estate and the tenant may remove them during his term, but if he fails to do so he cannot claim them against the owner of the land.

2. FIXTURES, § 13*—*when assignment by tenant of trade fixtures does not vest assignee with title.* On interpleader to determine the ownership of different claimants to a fund awarded in a condemnation proceeding, where one of the defendants claimed he was entitled to the sum awarded for the building and improvements by being owner of such improvements as trade fixtures under a chattel mortgage and a bill of sale from a tenant of the premises, *held* that a decree awarding him such sum could not be sustained, it appearing that the chattel mortgage was given by the tenant after he had abandoned the premises.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.